**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 16 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PAGE PENK ex rel. Children,

       Petitioner-Appellant,

v.

WILLIAM COHEN, Secretary of
Defense,

       Respondent-Appellee.

No. 97-1422
(D.C. No. 97-B-1652)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **BARRETT**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Page Penk, appearing pro se, appeals from the district court's denial of his petition for writ of mandamus. Petitioner seeks an order compelling the Secretary of Defense to comply with Executive Order 13045, entitled "Protection of Children from Environmental Health Risks and Safety Risks." See R. doc. 1, at 35; id. doc. 3. By his request, petitioner seeks to end the use of land mines in foreign countries. The district court dismissed the petition for lack of standing.

We review questions of standing de novo. See Utah v. Babbitt, No. 97-4015, 1998 WL 88155, at *7 (10th Cir. Mar. 3, 1998). As noted by the district court, "petitioner has not alleged that he is a parent, representative, or guardian of any individuals intended to be protected by E.O. 13045 or that would be affected by the use of land mines in [any] foreign country." R. doc. 12, at 1-2. The district court correctly concluded that petitioner's status as a citizen and a taxpayer is insufficient by itself to confer standing in this case. See Flast v. Cohen, 392 U.S. 83, 102 (1968) (holding that "a taxpayer will be a proper party to allege the unconstitutionality only of exercises of congressional power under the taxing and spending clause of Art. I, § 8, of the [United States] Constitution").

Petitioner's requests for an emergency en banc hearing and for oral argument are denied. The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

James E. Barrett
Senior Circuit Judge